## LUMPKIN *v.* SOUTHERN RAILWAY CO.

*Simmons, C. J.*—1. The evidence for the plaintiff, who was in the employment of the defendant as a night-watchman, showing that its other employees, who were engaged in drilling cars and making up trains in an extensive yard where large numbers of cars were being constantly moved and shifted at all hours, were under no duty of giving him notice when they were about to put a car or cars in motion, and the proper inference from his own testimony being that it was incumbent on him, for his own protection, to inform them when he was about to enter or climb upon a standing car, and it appearing that he was injured at night by the sudden movement of a car laden with lumber, upon which he had climbed without informing the company's servants in charge of the engine by which the car was put in motion of his intention to get upon it, and that they neither knew nor could have known of his presence thereon, and it not appearing that they were, relatively to him, in any respect negligent in the manner of doing their work, the court was right in granting a nonsuit.

2. None of the various rulings complained of in the bill of exceptions relating to matters other than the granting of the nonsuit, are of material consequence.          *Judgment affirmed.*

May 19, 1896. By two Justices. Argued at the last term.

Action for damages.  Before Judge Harris.  City court of Floyd county.  June term, 1895.

*W. W. Vandiver* and *Dean & Dean*, for plaintiff.

*McCutchen & Shumate* and *Hoskinson & Harris*, for defendant.